UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAROOQ ABDUL ALEEM,

    Plaintiff,

v.

J. LIZARRAGA, et al.,

    Defendants.

No. 2:18-cv-1164-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has also filed an application to proceed in forma pauperis (ECF Nos. 2, 5).

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. By separate order, the agency having custody of plaintiff will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

/////

/////

1

<u>Screening</u>

I.  <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.  <u>Analysis</u>

Plaintiff alleges that, on September 11, 2017, he received a "photocopied image" of an envelope sent by his wife. ECF No. 1 at 3. The photocopy was wrapped around an empty envelope. *Id.* Plaintiff questioned the correctional officer who delivered the item about the

2

missing contents and was told that "this is how it came." *Id.* He subsequently filed a grievance and received a response from defendant Dameral, who stated that the letter's contents were destroyed during a search. *Id.* Plaintiff claims that defendants Dameral, Townsend, and Lizarraga violated his First, Fifth, and Fourteenth Amendment rights by destroying his mail and failing to implement adequate procedural safeguards to prevent that destruction. *Id.* at 6-7.

It is well settled that prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prisoner's mail rights differ, however, depending on whether the mail in question is legal or non-legal. With respect to the latter, prisoners retain those rights which are "not inconsistent with [their] status as a prisoner or with the legitimate penological objectives of the corrections system." *Prison Legal News v. Cook*, 238 F.3d 1145, 1149 (9th Cir. 2001) (quoting *Jones v. No. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129 (1977)). Various courts have held that isolated incidents of a prisoner's non-legal mail being confiscated and destroyed are insufficient to give rise to a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (holding that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (holding that an isolated incident of mail interference, absent any evidence of improper motive, does not give rise to a constitutional violation); *Watkins v. Curry*, 2011 U.S. Dist. LEXIS 123356, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983.").

Here, plaintiff alleges that a single piece of mail sent by his wife was not properly delivered to him. While unfortunate, this isolated incident – based on the cases collected *supra* - does not give rise to a constitutional violation. And plaintiff's claim that defendants failed to implement proper safeguards fares no better. This claim appears to be based on defendants' alleged failure to comply with prison procedural rules, specifically: (1) responding to plaintiff's grievances in an untimely manner (ECF No. 1 at 5); (2) failure to adhere to prison rules regarding

3

handling of prison mail (*id.*); and (3) declining plaintiff's proposal to install cameras in the mailroom (*id.*). No claim under section 1983 may arise solely from prison officials' failure to comply with prison regulations. *See Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . . .")); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (no claim of entitlement to a prison grievance procedure). Finally, there is no constitutional requirement that prison officials implement safeguards suggested by inmates.

## Leave to Amend

Plaintiff will be given one opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

4

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: May 9, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE